UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:08-MJ-33 |
| V. | HON. HUGH W. BRENNEMAN, JR. |
| SUSAN B. WEERAWAT | **ORDER OF DETENTION** |
| _____ | |
| IN RE: | United States Bankruptcy Court<br>District of Massachusetts |
| SUSAN B. WEERAWAT, | Case No. 06-40098-JBR |
| Debtor. | |
| _____ | |

Susan B. Weerawat comes before the Court on an arrest warrant issued by a United States Bankruptcy Judge in the District of Massachusetts, in Case No. 06-40098-JBR. Underlying the warrant is, <u>inter alia</u>, a comprehensive Order entered by the Bankruptcy Judge on a Trustee's Motion For Contempt against the Debtor. <u>See</u> Order of March 6, 2007, Case No. 06-40098-JBR. In the Order, the Court carefully recites the Debtor's failures to cooperate with that Court, including the various times when she acknowledged she was not going to attend court as required and in fact did not attend. By way of example, the Order states among other things:

> "In this case, the Debtor has repeated ignored the orders of this Court, both to turn over estate property to the Trustee and then appear to explain her failure to do so. She has proffered inconsistent explanations for her behavior, arguing that the money she took was for the care of her son, yet acknowledging it was estate property."

* * *

> "She has alleged that she cannot appear before the Court for hearing because of her son's condition, yet she did appear without him at the October 5, 2006, hearing. When ordered to appear to explain why she had not turned over $100,000.00 which was part of the sale proceeds deposited into Jason's account, she has done whatever she could to avoid appearing before this Court."
>
> * * *
>
> "The Debtor has made it abundantly clear that she does not intend to be bound by any Orders of this Court . . . ."

Id.

In the March 6, 2007, Order, the defendant was ordered to personally appear at a hearing before the Court in Massachusetts and warned that failure to abide by the terms of the Order would result in the issuance of a warrant for her arrest and her incarceration. In a subsequent Order issued on July 23, 2007, Debtor was again ordered to personally appear and again warned that her failure to do so could result in a warrant for her arrest and incarceration. Ultimately, an arrest warrant had to be issued for the debtor. Debtor was found and arrested in this District pursuant to the warrant.

The Bankruptcy Court of Massachusetts has the authority to hold a party in contempt pursuant to 11 U.S.C. § 105(a), which provides that: "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title." That court has already determined that its "contempt powers inherently include the ability to sanction a party. Bessette v. Avco Financial Services Inc., 230 F.3d 439, 445 (1st Cir. 2000)". Order of March 6, 2007. See also 28 U.S.C. § 1651(a) ("the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law."). In short, where a party to a

proceeding before a Court has repeatedly defied the Court's order to appear, it is within the statutory and inherent jurisdiction of the Court to issue all necessary writs or warrants to bring that person before the Court.

That being said, due process requires that the litigant be afforded certain procedural safeguards when she is arrested in a district other than the one in which she is charged. Accordingly, Debtor was afforded an initial appearance in this court where her identity was determined, she was advised of the reason underlying her arrest, and she was informed that she had the right to court-appointed counsel, the right to remain silent, and the right to a full scale detention hearing. In this respect, the Court modeled its procedures on those afforded to any criminal defendant appearing under the same circumstances, since Debtor was being held in custody. See 18 U.S.C. § 3006A(a); § 3141 et seq.; Rules 5 (a)(2) (C) and 5(c)(3), and Rule 40, Federal Rules of Criminal Procedure.

Counsel was appointed for the Debtor and a detention hearing was held on March 25, 2008. Based upon the evidence presented at that time, the Court found by a preponderance of the evidence that no condition or combination of conditions would assure the presence of the Debtor in the Bankruptcy Court for the District of Massachusetts for future court proceedings.

On a variety of occasions over a considerable span of time, it appears that the Bankruptcy Court's attempts to bring the Debtor physically before it have met with evasion or outright refusal. Debtor contends that she must be with her son twenty-four hours a day since he has Asperger's Syndrome. Notwithstanding her son's condition, this is not a convincing excuse for her defiance of the court for two reasons.

First, her son is presently a student at Michigan State University where he is a

Distinguished Scholar on a full academic scholarship with a 4.0 average in a pre-med program. His father is available to be with him twenty-four hours a day, if necessary, and the father is the one that drives his son to and from class.  The Court in Massachusetts has told the Debtor that she could bring her husband and son to court if she wanted to, but she did not avail herself of this option.  Indeed, she has appeared in court on at least one occasion without her son being present. There is no apparent reason that the father and son could not drive or fly to the District of Massachusetts to be with the Debtor when she appears in Court in regard to this matter if they felt it necessary to be with her.

The Court does not find defendant's enrollment in Michigan State to preclude a short visit by Debtor to Massachusetts for the following reasons:  (1) the son is an outstanding student at Michigan State who could surely take several days off; (2) Debtor's counsel indicated the Debtor would be willing to drive with her son and husband to Massachusetts to appear in Court (this court does not believe she would do so), thus clearly indicating that taking a few days off from class would not be a problem for her son; and, (3) a college student's schedule would not be an adequate reason for the college student himself to repeatedly fail to appear in a federal court, and is certainly no excuse for that child's parent not to appear.

Second, in addition to the fact that the problem caused by the son's condition does not appear to be insolvable for the reasons stated, it also appears Debtor is using her son's condition as an excuse not to have to appear in Bankruptcy Court to explain what appears to be a misapplication of funds.

The record before this court unquestionably demonstrates Debtor will not appear before the Massachusetts court on her own.

Accordingly, the Court has ordered that Debtor be detained pending her appearance before the Bankruptcy Court in Massachusetts, and that she be removed to the District of Massachusetts by the United States Marshals for that purpose.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.


Dated: March 25, 2008                                     /s/ Hugh W. Brenneman, Jr.
                                                          HUGH W. BRENNEMAN, JR.
                                                          United States Magistrate Judge